UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

RODULFO DOMINGUEZ-MENDEZ,      )
                                )
          Plaintiff,            )          CIVIL ACTION NO. 5:10-347-KKC
                                )
V.                              )
                                )          **MEMORANDUM OPINION**
ROISEWELL A. McCOY, *et al.*,   )              **AND ORDER**
                                )
          Defendants.           )

** ** ** ** **

Plaintiff Rodulfo Dominguez-Mendez, currently confined in the Woodford County

Detention Center located in Versailles, Kentucky, has filed a 42 U.S.C. § 1983 *pro se* civil rights

complaint challenging the conditions of his prior confinement in the Fayette County Detention

Center ("FCDC"), located in Lexington, Kentucky. [D. E. No. 2]. Dominguez-Mendez has also

filed a "Motion for a Status Report" [D. E. No. 6].

As Dominguez-Mendez has been granted pauper status by separate Order, and is

asserting claims against government officials,[1] the Court now screens his Complaint pursuant

to 28 U.S.C. §§ 1915A and 1915(e). Both sections require a district court to dismiss any claims

that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from defendants who are immune from such relief. *Id*.; *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[2] For the reasons discussed below, the Court

---

[1] Dominguez-Mendez names the following defendants: (1) Roisewell McCoy, Corporal, FCDC; (2) Donald
Bowles, Sergeant, FCDC; (3) James Capillo, FCDC; and (4) the FCDC.

[2] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d
569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at
any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief.

will dismiss the Complaint with prejudice and deny as moot the motion seeking a status report.

## ALLEGATIONS OF THE COMPLAINT

Dominguez-Mendez alleges that on August 9, 2010, while he and other inmates were assembled in Unit KK of the FCDC, he notified staff that he needed to go to the bathroom, but was denied access because Corporal McCoy had announced that no one would be permitted to use "his" restroom.[3] As a result of being denied access to the bathroom, Dominguez-Mendez defecated in his pants and was forced to sit in his bodily waste. [D. E. No. 2, pp. 2].

Dominguez-Mendez alleges that on August 24, 2010, McCoy embarrassed him in front of other inmates, stating that he (McCoy) wouldn't want anyone "to shit on themselves." [*Id.*, p. 3]. Dominguez-Mendez next alleges that while McCoy was conducting a pat-down frisk of him on September 17, 2010, he (McCoy) taunted him about the August 9, 2010, incident, and embarrassed him in front of other inmates by asking him "Are you going to shit on me?" [*Id.*, p. 4]. Dominguez-Mendez states that when he filed grievances complaining about McCoy's actions, he was told that things would "get better" and that there would be "no more taunting from Corporal Roisewell McCoy." [*Id.*, p. 7].

Dominguez-Mendez alleges that on all three dates, McCoy violated his rights guaranteed by the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. He also alleges that because defendants Bowles and Capillo failed to investigate his claims by interviewing him and witnesses, they also violated his Eighth Amendment rights.

---

28 U.S.C. § 1915(e)(2)(B).

[3] Dominguez-Mendez identified this bathroom facility as "Commissary Trustees."

Dominguez-Mendez names the FCDC as a defendant, but asserts no specific claims against it. Dominguez-Mendez seeks an apology from the defendants and a jury trial. [*Id.*, p. 9].

**DISCUSSION**
1. Denied Access to Bathroom

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws, and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271(1994). While the actions about which Dominguez-Mendez complains were no doubt unpleasant, uncomfortable, and/or embarrassing, none of them constitute Eighth Amendment violations.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may neither be "barbarous" nor contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir.1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions

3

intolerable for prison confinement." *Rhodes*, 452 U.S. at 348.

Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment under the Eighth Amendment. *Ivey*, 832 F.2d at 954. Complaints about temporary inconveniences, *e.g.*, being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not allege conditions falling beneath the minimal civilize measure of life's necessities as measured by a contemporary standard of decency. *J.P. v. Taft*, 439 F. Supp.2d 793, 811 (S. D. Ohio 2006).

Dominguez-Mendez alleges that he was denied access to a toilet on only one occasion, on August 10, 2010, and for only a specific period of time on that date, between 7:30 p.m. and 7:45 p.m. Accepting as true that allegation, the fact that on one specific date, McCoy did not allow Dominguez-Mendez to go to the bathroom at the exact moment he requested to go is insufficient to state a claim under the Eighth Amendment. In *Johnson v. McByrde*, No. 2:10-CV-131, 2010 WL 3059248, (W. D. Mich. August 4, 2010), the court rejected a prisoner's Eighth Amendment claim alleging that because he was denied access to a toilet for eight minutes after his initial request, he urinated on himself. *Id*. at *1. The court concluded that although the prison officials did not take the prisoner to the toilet during the middle of a count at the precise moment the prisoner determined that he needed to urinate, the prisoner had not stated a claim under the Eighth Amendment. *Id*. at *2.

Thus, an isolated and relatively short delay in permitting a prisoner to use the bathroom is not the sort of temporary deprivation that implicates the Eighth Amendment. *Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999), *Dellis v. Corrections Corp. of Am.*, 257 F.3d 508 (6th

Cir. 2001).  Both *Dellis* and *Hartsford* involved single instances involving a temporary denial

of access to a toilet, which is all that Dominguez-Mendez alleges in his Complaint.  In *Dellis*,

the Sixth Circuit rejected a prisoner's Eighth Amendment deliberate indifference claim that

because his toilet was not working, he could not use it, and was forced to soil himself. *Id*. at 511.

*See also Cunningham v. Eyman*, 17 F. Appx. 449, 454 (7th Cir. 2001), (holding that inmate

failed to establish an Eighth Amendment claim where he alleged that he urinated and defecated

on himself due to officers' refusal to remove his restraints so he could use the toilet, even though

the inmate was forced to remain in his soiled clothing for four to five hours).

While being denied access to a bathroom on August 9, 2010, was certainly unpleasant for

Dominguez-Mendez, it was a temporary hardship that did not implicate the Eighth Amendment.

Accordingly, Dominguez-Mendez fails to state a valid Eighth Amendment claim against McCoy,

and his related claim that Bowles and Capillo refused to investigate his complaints also lack

merit and will be dismissed for failure to state a claim upon which relief can be granted.

2.  McCoy's Alleged Taunts and Embarrassing Comments

Dominguez-Mendez's claim that McCoy subsequently taunted and embarrassed him two

times in front of other inmates by referring to the August 9, 2010, incident does not rise to the

level of an Eighth Amendment violation.  While McCoy's alleged comments, if true, were

unprofessional and unkind, they constituted only verbal abuse and harassment of an inmate,

which are not Eighth Amendment violations. *Hinton v. Doney*, 16 F.3d 1219, 1994 WL 20225,

at *2 (6th Cir. Mich. January 26, 1994) (Table); *Ivey v. Wilson*, 832 at 954; *Oltarzewski v.*

*Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (verbal harassment or abuse is not sufficient to state

a constitutional deprivation under § 1983). Accordingly, as to McCoy's alleged verbal statements of August 24, 2010, and September 17, 2010, Dominguez-Mendez has again failed to state a valid Eighth Amendment claim.

## 2. Claims Against the FCDC

Dominguez-Mendez's claims against the FCDC must also be dismissed. Because municipal departments, such as jails, are not "persons" subject to suit under § 1983, they are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991); *see also Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (Table) (holding that the Shelby County jail is not an entity subject to suit under § 1983); *Chism v. Christian County Jail*, No. 5:10-CV-88-R, 2010 WL 3947504 (W.D. Ky. October 7, 2010) (same, as to Christian County Jail); *Wilkey v. Adams*, No. 5:07-CV-P61, 2008 WL 2743939, at *4 (W. D. Ky., July 11, 2008) (same, as to the McCracken County Jail).

Further, broadly assuming that Dominguez-Mendez could be asserting Eighth Amendment claims under § 1983 against the governing body of Fayette County, *i.e.*, the Lexington Fayette Urban County Government ("LFUCG"), that construed claim would also fail. To establish municipal liability under §1983, a plaintiff must allege that the municipality officially adopted, implemented, or executed a custom, policy statement, ordinance, regulation, or decision which resulted in a constitutional deprivation, even if the custom did not receive formal approval. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

A municipality cannot be held liable for damages under § 1983 based on *respondeat superior* solely because it employs a tort-feasor, *id*. at 691; it can only be held responsible for

a constitutional deprivation if a direct causal link exists between its policy or custom and the alleged constitutional deprivation. *Id*. at 690-91; *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000); *Deacon v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993)

Dominguez-Mendez does not allege that LFUCG officials either implemented or executed policies or engaged in a custom or pattern of conduct which violated his Eighth Amendment right to be free of cruel and unusual punishment. He alleges *only* that three specific correctional officials at the FCDC (McCoy, Bowles, and Capillo) subjected him to cruel and ususal punishment by: (1) refusing him access to a bathroom on one specific occasion; (2) later making embarrassing references about him going to the bathroom in his pants; and (3) failing to investigate his grievances concerning the above conduct. As explained above, his Eighth Amendment claims against these three individuals lack merit and will be dismissed.

Dominguez-Mendez's "blanket" claims against the FCDC are inadequate to impose liability on the LFUCG. *See Whaley v. Fayette County Sheriff*, No. 03-6460, (6th Cir. September 29, 2004) (Unpublished) (holding that where the plaintiff failed to allege that the City of Versailles and the Versailles Police Department implemented an unconstitutional county policy or procedure, but instead challenged only the conduct of specific law enforcement officials, this Court properly dismissed, *sua sponte*, plaintiff's Eighth Amendment claims against the municipal entities). Dominguez-Mendez's claims against the FCDC, and/or the LFUCG, will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(ii). In light of the foregoing disposition, Dominguez-Mendez's

motion for a status report will be denied as moot.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1)    Rodulfo Dominguez-Mendez's Complaint, [D. E. No. 2], is **DISMISSED WITH PREJUDICE** for failure to state claim upon which relief can be granted;

(2)    Dominguez-Mendez's "Motion for Status Report," [D. E. No. 6], is **DENIED** as **MOOT**;

(3)    This action is **DISMISSED** from the docket of the Court; and

(4)    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This 13th day of April, 2011.

Signed By:

*Karen K. Caldwell*

**United States District Judge**